961 F.2d 218
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hai WAKNINE, Plaintiff/Appellant,
v.
Daryl GATES, et al., Defendants/Appellees.
 No. 90-56365.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1992.
Decided April 27, 1992.
As Amended on Denial of Rehearing and Rehearing
En Banc Aug. 27, 1992.
 
 Before PREGERSON, D.W. NELSON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 The genesis of this case is a 42 U.S.C. § 1983 action brought by Hai Waknine (Waknine) against various municipal defendants, including police chief Daryl Gates (collectively Gates), for alleged Fourth Amendment violations. The jury verdict was in favor of defendants. Today we reverse the judgment and remand the case for a new trial because of improper statements made by defense counsel in closing argument.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 Since this appeal focuses on the events at trial, specifically the actions of the district judge and defense counsel, the underlying facts of this case are not particularly relevant. The relevant procedural events are as follows.
 
 
 4
 In closing argument, defense counsel began informing the jury that 42 U.S.C. § 1983 had a companion statute, section 1988. Waknine objected to this argument; the court overruled his objection. Defense counsel continued, saying "What that statute [section 1988]goes on to say is that the prevailing party in a civil rights act is entitled not only to damages, or maybe there are no damages, it could be nominal damages . . ." Waknine again objected; the objection this time was sustained. The court then instructed defense counsel to avoid mentioning the possibility that Waknine could recover attorney's fees. Defense counsel nonetheless proceeded to mention attorney's fees, at which time the court struck the statement and instructed the jurors to disregard any reference to attorney's fees for that issue was not before them. When the jury retired, Waknine complained of defense counsel's actions and stated that they warranted a mistrial if he did not prevail. However, Waknine did not make a formal motion for mistrial. The jury returned a verdict for defendants. This appeal followed.
 
 DISCUSSION
 A. Standard of Review
 
 5
 Evidentiary rulings are reviewed for an abuse of discretion. Roberts v. College of the Desert, 870 F.2d 1411, 1418 (9th Cir.1988) (citing Kisor v. Johns-Manville Corp., 783 F.2d 1337, 1340 (9th Cir.1986)).
 
 B. Analysis
 
 6
 As an initial matter, Gates argues that Waknine failed to preserve the issue of defense counsel's improper closing statements for appeal because he did not move immediately for a mistrial. However, the right to appeal was preserved because Waknine immediately objected to the statements. See Sheehy v. Southern Pacific Transportation Co., 631 F.2d 649 (9th Cir.1980) (objection at time action occurs, on the record, is sufficient to preserve right to appeal).
 
 
 7
 Waknine alleges that the jury's verdict should be set aside and the case remanded because the defense counsel mentioned Waknine's ability to recover attorney's fees under section 1988. The Ninth Circuit considered this issue in Brooks v. Cook, 938 F.2d 1045 (9th Cir.1991), decided nine months after the trial in this case. In that case, both the defense attorney and the trial court had informed the jury of plaintiffs' ability to recover attorney's fees under section 1988 if they prevailed in their section 1983 action. The Brooks court reversed the jury's verdict and remanded the case. It found that "[t]he information [regarding plaintiff's ability to recover attorney's fees] has no relevance to the task before the jury, and might lead the jury to improperly adjust its findings in contravention of the legislative purpose behind section 1988." Id. at 1052. The main concern motivating the court's decision was that the "jury may thus decide to find for the defendant rather than allow the plaintiff's attorney to recover fees." Id. at 1051.
 
 
 8
 "This court has held repeatedly that improprieties in counsels' arguments to the jury do not require a new trial unless they are so gross as probably to prejudice the defendant and prejudice has not been neutralized by the trial judge." United States v. Potter, 616 F.2d 384, 391 (9th Cir.1979) (citing United States v. Parker, 549 F.2d 1217, 1222 (9th Cir.), cert. denied, 430 U.S. 971 (1977); United States v. Rich, 580 F.2d 929, 936 (9th Cir.), cert. denied, 439 U.S. 935 (1978)). The statements here meet the standard set forth in Potter. They were clearly improper and made deliberately in the face of the court's repeated warnings to defense counsel not to make such statements.
 
 
 9
 In admonishing the jury, the district court did state, "you are admonished to disregard the reference to attorney's fees. It has nothing to do with the issues that are before you and that you will decide." The discussion was then cut off and asked to be stricken from the record. However, we find this insufficient to neutralize the potentially prejudicial remarks by defense counsel.
 
 
 10
 A similar conclusion was reached in United States v. Simtob, 901 F.2d 799, 806 (9th Cir.1990), where this court looked at the judge's admonition and found it insufficient to cure the prosecutor's offer of immunity to a witness in front of the jury. The court noted that "[p]rompt and effective action by the trial court may neutralize the damage by admonition to counsel or by appropriate curative instructions, but prosecutorial misconduct invites reversal if it appears more probable than not that the alleged misconduct affected the jury's verdict." Id. (citing United States v. Flake, 746 F.2d 535 (9th Cir.1984), cert. denied, 469 U.S. 1225 (1985)). In Simtob, the court found the district judge's statements that the remarks were "inappropriate" and the "jury will disregard" insufficient to cure the misconduct's possible effect. The situation in the present case is analogous. The short instruction given below could not correct the effect that defense counsel's misconduct could possibly have had on the jury's verdict.
 
 
 11
 Finally, since we reverse the judgment on the basis of the foregoing issue, we do not address the other arguments raised by Waknine in this appeal.
 
 CONCLUSION
 
 12
 For the foregoing reasons, we REVERSE the judgment and REMAND the case for a new trial.